INZER, Justice:
This is an appeal by Hudson J. Migues from a decree of the Chancery Court of Harrison County denying his petition to set aside a decree of adoption. We affirm.
On September 27, 1965, appellees Charles E. Fountain and his wife, Verna Marie Fountain, filed a joint petition for the adoption of Verna Marie Migues, age nine months, in the Chancery Court of Harrison County. Appellant Hudson J. Migues and his wife, Jackie Y. Migues, natural parents of the child, also joined in the petition giving their consent to the adoption. On the same day a decree, regular on its face, was entered granting the adoption and was made final without a waiting period, as the child had been in the care of appellees for approximately seven months prior to that date. The petition as filed shows on its face that it was sworn to by all the parties before R. J. Costello, who is both a justice of the peace and a notary public. There also appears in the record a waiver of process executed by appellant and his wife.
Nearly one year later, on September 22, 1966, appellant filed a petition to set aside the adoption decree, alleging that his consent had been procured by fraud and misrepresentation; that he had signed a sheet of paper without any writing on it; that he never appeared before the notary who seems to have acknowledged his signature; and that it was to the best interest of the child that the adoption decree be set aside.
After hearing the testimony, including that offered by appellees as adverse witnesses, the Chancellor held that appellant’s proof was insufficient and dismissed his petition.
The principal error assigned is that the Chancellor ruled that it was unnecessary for appellant’s signature to the adoption petition to be acknowledged as required by Mississippi Code 1942 Annotated, Section 1269-03.
As we understand the opinion of the Chancellor, he did not hold that it was unnecessary for appellant’s signature to be acknowledged as required by the statute. What he said, among other things, was, “I think the consent by the testimony of petitioner here is both actual and by his conduct implied. If it was not acknowledged and sworn to before the justice of the peace at Biloxi, it has been acknowledged here in open Court.” The Chancellor also stated that the “preponderance of the evidence in a case of this type must be strong and convincing under the law. Of course, first of all, you must overcome the presumption, that is, the presumption of good faith and everything was as it was supposed to have been.” As we interpret the opinion of the Chancellor, it was that the proof showed actual consent by appellant to the adoption and that the evidence was insufficient to overcome the presumption, arising from the notary’s acknowledgment, against bad motive, dishonesty and fraud.
Appellant testified that he went to the office of Mr. Cody, the attorney who prepared the papers for the adoption, and *485 that while there he had a conversation with the attorney and told him that he wanted the child adopted by Mr. and Mrs. Fountain. He said that he signed some papers but that there was nothing written on the paper except the signature of his wife and that he did not know the notary whose signature appeared on the affidavit to the petition. He denied that he ever appeared before the notary and acknowledged his signature or swore to the petition. This testimony was refuted by the appellees, although their testimony is in conflict as to the circumstances surrounding the execution of the petition for adoption. In Nichols v. Sauls’ Estate, 250 Miss. 307, 165 So.2d 352 (1964), we discussed the presumptions arising from the certificate of an officer taking an acknowledgment and stated, “It is presumed that an officer making a certificate of acknowledgment has certified to the truth and has not been guilty of a wrongful or criminal action. The presumption has been stated to be one of the strongest in the law.” We held that a high degree of proof is necessary in order to overcome this presumption, the general rule being that the evidence should be clear, cogent and convincing. The Chancellor was justified in finding that the evidence on behalf of appellant was not sufficient to overcome this presumption.
We do not deem it necessary to detail the evidence relative to appellees’ alleged misrepresentation of the consent to adoption. It is sufficient to say that the burden was upon appellant to allege clearly the facts and circumstances constituting fraud or misrepresentation and to prove by clear and convincing evidence that the representations were made and that he acted because of them. We feel that in this case the Chancellor could have found from appellant’s own testimony that he did not act because of any misrepresentation. The rule relative to the degree of proof required to establish fraud is so well established in this state that no citation of authority is necessary. The Chancellor was clearly justified, upon the evidence in this record, in finding that appellant failed to meet the burden of proof for establishing fraud or misrepresentation on the part of appellee.
There is no merit to appellant’s contention that the interests of the child would be best served by setting aside the adoption decree. The evidence as to the relative suitability of appellant and appel-lees as parents was so much in favor of ap-pellees that the Chancellor said that even had there been sufficient proof to set aside the adoption decree, it would not have been in the best interests of the child to remove it from the home of the appellees. Appellant and his mother and sister admitted that the child was in a good home and would be given good care. In addition to this child, appellant and his wife have two children who are charges of the Family Court of Harrison County, one of whom has been placed in the care of his mother and the other in the care of his sister. However, it should be said for appellant that he is presently in the military service and apparently is supporting these two children.
We are of the opinion that the Chancellor was amply justified, from the evidence in this case and under the law of the State, in refusing to set aside the decree of adoption. Mississippi Code 1942 Annotated, Section 1269-06 (1956) provides that “[n]o action shall be brought to set aside any final decree of adoption whether granted upon consent or personal process or process by publication, except within six (6) months of the entry thereof.” Appellant testified that he changed his mind about the consent to the adoption two days after he signed what he described as a blank piece of paper. He then consulted an attorney about the matter but took no action until more than eleven months later to have the adoption decree set aside. The above quoted statute was not pled and was not cited in the briefs on appeal. Inasmuch as the Chancellor was justified in the decision he reached without the application of this statute, it is not necessary for us to decide whether it must *486 be pled before it can be applied by the court or under what circumstances it would not be applicable to a petition to set aside a decree after six months had elapsed.
For the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.